UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAMS, <br><br> Defendant. | No. 2:17-cv-1003 JAM AC P <br><br><br> ORDER TO SHOW CAUSE |

Plaintiff Willie Weaver is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.

I. Background

On May 12, 2017, the Clerk of the Court filed Weaver's complaint in this action. This action is one of 258 civil cases, not including duplicate cases created as a result of intra-district transfers, that he has initiated in this court since 2004.[1] This year alone, Weaver has filed sixty-five complaints, including the complaint in this action. He has had a limited pre-filing order in this court since May 11, 2009.[2] See Weaver v. Cal. Corr. Inst., E.D. Cal. No. 1:06-cv-1343 LJO

---

[1] In addition to the complaints initiated in this court, he has filed 67 civil rights cases in the Central District of California and over 200 in the Northern District of California.

[2] He has also had a general pre-filing order in place in the Ninth Circuit since October 20, 2006. See In re: Willie Weaver, No. 06-80097, ECF No. 9 (9th Cir. Oct. 20, 2006).

1

WMW, ECF Nos. 4, 7.

As set forth more fully below, Weaver is a repeat, serial litigant and his actions have made it clear that he will only continue to abuse the judicial process and inundate this court with frivolous complaints that do nothing but strain the court's limited resources. Accordingly, Weaver shall be required to show cause why the court should not deem him a vexatious litigant and impose pre-filing conditions upon him before he may file any other civil rights complaint in this court.

II. <u>Vexatious Litigant Order</u>

A. <u>Legal Standard</u>

The district courts have the power to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings, but "such pre-filing orders are an extreme remedy that should rarely be used." <u>Molski v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing <u>De Long v. Hennessey</u>, 912 F.2d 1144, 1147 (9th Cir. 1990). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." <u>De Long</u>, 912 F.2d at 1148.

> [I]n <u>De Long</u>, [the Ninth Circuit] outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. <u>De Long</u>, 912 F.2d at 1147. Second, the district court must compile "an adequate record for review." <u>Id.</u> at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. <u>Id.</u> Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." <u>Id.</u>

<u>Molski</u>, 500 F.3d at 4057. The first and second factors "are procedural considerations" while the third and fourth factors "are substantive considerations" which "help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." <u>Molski</u>, 500 F.3d at 1057-58.

"In 'applying the two substantive factors,' [the Ninth Circuit has] held that a separate set of considerations employed by the Second Circuit Court of Appeals 'provides a helpful

2

framework.'" Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting Molski, 500 F.3d at 1058).

> The Second Circuit. . . has instructed district courts, in determining whether to enter a pre-filing order, to look at five factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

### B. Notice and Opportunity to Be Heard

In issuing this order to show cause, the court is effectively notifying plaintiff Willie Weaver that it is considering deeming him a vexatious litigant and entering a comprehensive pre-filing order against him. Under the contemplated pre-filing order Weaver will not be permitted to initiate any new civil rights actions against a government employee, government officer, or governmental entity unless the complaint is either accompanied by the required filing and administrative fees or makes the required evidentiary showing, with documentation, that he is in imminent danger of serious physical injury. Furthermore, for any complaint in which Weaver states that his administrative remedies are not exhausted, he will also be required to provide a sworn statement explaining why he did not exhaust his administrative remedies prior to filing the complaint and showing that administrative remedies were unavailable. The reasons the court is considering such action are set forth in this order and Weaver shall have twenty-one days to respond to this order and explain to the court why he should not be declared a vexatious litigant and why the court should not enter a pre-filing order.

### C. Adequate Record for Review

As previously stated, Weaver has filed 258 civil rights actions in this court since 2004, and 65 of those complaints were filed this year. With the exception of a single complaint, Weaver v. Novencido, E.D. Cal. No. 2:05-cv-0449 RRB CMK, which was ultimately dismissed as being brought outside the statute of limitations, none of the 258 complaints proceeded past the

3

1 | screening stage.

2 | Eighteen of Weaver's complaints were dismissed as duplicative of other complaints that were filed at approximately the same time.[3] Thirty-four complaints, seventeen of them filed this year, were dismissed because Weaver failed to respond to orders to either pay the filing fee or submit an application to proceed in forma pauperis.[4] Two actions were closed after the complaints were dismissed with leave to amend and he failed to file amended complaints.[5] Forty-six complaints were dismissed because it was clear on the face of the complaint that plaintiff had not exhausted his administrative remedies prior to filing suit.[6] One complaint was dismissed after plaintiff failed to keep the court apprised of his current address.[7] Sixty-eight complaints,

---

[3] See E.D. Cal. Nos. 1:06-cv-0442 AWI SMS; 1:06-cv-0443 LJO DLB; 1:06-cv-0446 AWI LJO; 1:06-cv-0468 OWW SMS; 1:06-cv-0500 AWI SMS; 1:06-cv-0534 LJO DLB; 1:06-cv-0556 AWI SMS; 1:06-cv-0670 AWI LJO; 1:06-cv-0692 AWI LJO; 1:06-cv-0694 AWI SMS; 1:06-cv-0728 OWW LJO; 1:06-cv-0730 AWI LJO; 1:06-cv-0758 LJO DLB; 1:06-cv-0762 AWI LJO; 1:06-cv-0867 LJO DLB; 1:06-cv-0946 AWI SMS; 1:06-cv-0992 AWI SMS; 1:06-cv-1343 LJO WMW.

[4] See E.D. Cal. Nos. 1:06-cv-0188 OWW DLB; 1:06-cv-0598 AWI SMS; 1:06-cv-0650 AWI LJO; 2:11-cv-0179 GEB EFB; 2:12-cv-0448 JAM GGH; 2:12-cv-1091 WBS DAD; 2:12-cv-1093 JAM GGH; 2:12-cv-1681 GEB JFM; 2:12-cv-2322 MCE CKD; 2:13-cv-1286 GEB CKD; 2:14-cv-1745 KJM KJN; 2:15-cv-0405 JAM KJN; 2:15-cv-1831 GEB EFB; 2:15-cv-1845 KJM EFB; 2:15-cv-1958-WBS-EFB; 2:15-cv-1969 KJM CKD; 2:15-cv-2041 MCE KJN; 2:17-cv-1067 MCE KJN; 2:17-cv-0547 GEB AC; 2:17-cv-0671 KJM KJN; 2:17-cv-0724 JAM EFB; 2:17-cv-0786 JAM CKD; 2:17-cv-0787 JAM CKD; 2:17-cv-0757 GEB EFB; 2:17-cv-0500 JAM AC; 2:17-cv-0776 GEB DB; 2:17-cv-0777 GEB CKD; 2:17-cv-0153 GEB EFB; 2:17-cv-0598 MCE CKD; 2:17-cv-0211 KJM EFB; 2:17-cv-0268 JAM EFB; 2:17-cv-0956 MCE EFB; 2:17-cv-1107 MCE EFB; 2:17-cv-1066 MCE EFB.

[5] See E.D. Cal. Nos. 2:09-cv-2152 MCE KJM; 2:09-cv-2839 MCE DAD.

[6] See E.D. Cal. Nos. 1:06-cv-0395 AWI DLB; 1:06-cv-0412 OWW DLB; 1:06-cv-0486 LJO DLB; 1:06-cv-0718 AWI LJO; 1:06-cv-0719 AWI DLB; 1:06-cv-0796 AWI DLB; 1:06-cv-0814 OWW DLB; 1:06-cv-0862 AWI DLB; 1:06-cv-0912 AWI DLB; 1:06-cv-0947 LJO DLB; 1:06-cv-0948 AWI DLB; 1:06-cv-0993 OWW DLB; 1:06-cv-0994 AWI DLB; 1:06-cv-1016 AWI DLB; 1:06-cv-1066 AWI SMS; 1:06-cv-1095 AWI DLB; 1:06-cv-1102 AWI SMS; 1:06-cv-1197 AWI DLB; 1:06-cv-1198 AWI SMS; 1:06-cv-1201 AWI DLB; 1:06-cv-1204 OWW SMS; 1:06-cv-1206 AWI SMS; 1:06-cv-1224 OWW LJO; 1:06-cv-1226 AWI DLB; 1:06-cv-1282 OWW DLB; 1:06-cv-1288 LJO DLB; 1:06-cv-1297 LJO DLB; 1:06-cv-1298 AWI LJO; 1:06-cv-1306-LJO-DLB; 1:06-cv-1308 AWI LJO; 1:06-cv-1310 OWW DLB; 1:06-cv-1312 AWI LJO; 1:06-cv-1338 OWW DLB; 1:06-cv-1340 OWW DLB; 1:06-cv-1342-AWI LJO; 1:06-cv-1344 OWW LJO; 1:06-cv-1356 LJO DLB; 1:06-cv-1414 LJO DLB; 1:06-cv-1415 AWI DLB; 1:06-cv-1435 AWI DLB; 1:06-cv-1438 AWI LJO; 1:06-cv-1440 LJO DLB; 1:06-cv-1442 OWW LJO; 1:06-cv-1478 LJO DLB; 1:06-cv-1614 AWI LJO; 1:06-cv-1683 OWW DLB.

[7] See E.D. Cal. No. 2:10-cv-3407 KJM DAD.

including four from this year, were dismissed because the court recognized plaintiff as having three strikes under 28 U.S.C. § 1915(g) and he failed to pay the filing fee or allege facts showing that he was in imminent danger of serious physical injury.[8] Thirty-nine of Weaver's complaints were screened and eighteen were dismissed as frivolous (sixteen of which were also found to be malicious) and twenty-one were dismissed for failure to state a claim (nine of which were also found to be frivolous).[9] A number of the complaints were also explicitly deemed strikes under 28 U.S.C. 1915(g). Finally, five of plaintiff's complaints were transferred to other districts and their dockets reflect that none of them proceeded past screening after they were transferred.[10]

---

[8] See E.D. Cal. Nos. 1:06-cv-0277 LJO WMW; 1:06-cv-0383 AWI WMW; 1:06-cv-0410 OWW WMW; 1:06-cv-0411 LJO WMW; 1:06-cv-0425 OWW WMW; 1:06-cv-0469 AWI WMW; 1:06-cv-0470 LJO WMW; 1:06-cv-0557 OWW WMW; 1:06-cv-0558 AWI WMW; 1:06-cv-0693 OWW WMW; 1:06-cv-0720 AWI WMW; 1:06-cv-0721 LJO WMW; 1:06-cv-0864 AWI WMW; 1:06-cv-0868 AWI WMW; 1:06-cv-1079 AWI WMW; 1:06-cv-1199 LJO WMW; 1:06-cv-1200 AWI WMW; 1:06-cv-1202 OWW WMW; 1:06-cv-1207 OWW WMW; 1:06-cv-1209 AWI WMW; 1:06-cv-1222 OWW WMW; 1:06-cv-1225 AWI WMW; 1:06-cv-1290 AWI WMW; 1:06-cv-1292 OWW WMW; 1:06-cv-1294 LJO WMW; 1:06-cv-1307 LJO WMW; 1:06-cv-1339 AWI WMW; 1:06-cv-1428 LJO WMW; 1:06-cv-1437 AWI WMW; 1:06-cv-1439 AWI LJO; 1:06-cv-1441 OWW SMS; 1:06-cv-1613 OWW SMS; 1:06-cv-1616 AWI WMW; 1:06-cv-1685 OWW WMW; 1:07-cv-1297 AWI SMS; 1:15-cv-1083 AWI BAM; 1:15-cv-1165 LJO DLB; 1:15-cv-1377 LJO BAM; 1:16-cv-0596 AWI MJS; 2:09-cv-2164 JAM DAD; 2:10-cv-1800 GEB JFM; 2:10-cv-1806 GEB JFM; 2:10-cv-1921 JAM DAD; 2:11-cv-0011 LKK KJN; 2:11-cv-0262 GEB EFB; 2:11-cv-2126 JAM GGH; 2:11-cv-2200 JAM GGH; 2:11-cv-3192 KJM DAD; 2:12-cv-0447 GEB CKD; 2:12-cv-0449 GEB DAD; 2:12-cv-0804 WBS EFB; 2:12-cv-1092 MCE KJN; 2:12-cv-1468 LKK KJN; 2:12-cv-2677 MCE CMK; 2:12-cv-2968 GEB EFB; 2:13-cv-1183 TLN EFB; 2:13-cv-1260 TLN EFB; 2:13-cv-1470 MCE EFB; 2:13-cv-1471 MCE EFB; 2:14-cv-1652 JAM CKD; 2:14-cv-1699 JAM EFB; 2:14-cv-1779 KJM DAD; 2:14-cv-1808 KJM DAD; 2:15-cv-1832 GEB AC; 2:17-cv-1132 GEB CKD; 2:17-cv-0813 JAM CKD; 2:17-cv-0957 GEB CKD; 2:17-cv-1338 JAM AC.

[9] See E.D. Cal. Nos. 1:06-cv-0278 OWW LJO; 2:14-cv-1132 JAM DAD; 1:06-cv-0959 OWW LJO; 1:06-cv-0991 OWW SMS; 1:06-cv-0995 AWI LJO; 1:06-cv-1203 OWW LJO; 1:06-cv-1208 OWW LJO; 1:06-cv-1210 OWW LJO; 1:06-cv-1289 AWI LJO; 1:06-cv-1291 OWW SMS; 1:06-cv-1293 OWW SMS; 1:06-cv-1295 OWW SMS; 1:06-cv-1309 OWW SMS; 1:06-cv-1311 OWW SMS; 1:06-cv-1341 AWI SMS; 1:06-cv-1345 OWW LJO; 1:06-cv-1347 AWI SMS; 1:06-cv-1429 OWW SMS; 1:04-cv-6079 LJO WMW; 1:06-cv-0134 OWW DLB; 1:06-cv-0341 AWI LJO; 1:06-cv-0729 AWI SMS; 1:06-cv-0863 OWW SMS; 1:06-cv-0913 OWW LJO; 1:06-cv-1205 AWI SMS; 1:06-cv-1223 LJO LJO; 1:06-cv-1615 LJO DLB; 2:14-cv-1800 MCE AC; 2:14-cv-1906 MCE DAD; 2:15-cv-1957 JAM CMK; 1:06-cv-0429 AWI SMS; 1:06-cv-0441 OWW SMS; 1:06-cv-0467 OWW LJO; 1:06-cv-0471 AWI LJO; 1:06-cv-0485 OWW LJO; 1:06-cv-0559 AWI LJO; 1:06-cv-0671 OWW SMS; 1:06-cv-0775 OWW LJO; 1:06-cv-1684 OWW LJO.

[10] See Weaver v. Downs, E.D. Cal. No. 2:04-cv-1199 DFL KJM P, N.D. Cal. No. 04-cv-4067 (continued)

D. <u>Findings Regarding the Frivolous or Harassing Nature of Weaver's Litigation</u>

As set forth above, Weaver's filings are both numerous and meritless. The reasons for the dismissal of Weaver's previous lawsuits show that his complaints are routinely either frivolous, harassing, or both. Due to the sheer number of filings, it would be unduly burdensome to address the specifics of each action and the court will instead focus on the complaints filed this year.

Every complaint filed by Weaver has been nearly identical in format and many are identical in content as well. Each complaint contains only a short paragraph with one or two sentences that make vague allegations against the defendants. The allegations are followed by the following conclusory statement: "Plaintiff faces a substantial risk of serious harm and injury here which is imminent at the time of filing. The defendant show deliberate indifference, under the color of state law."

Substantively, Weaver's allegations uniformly fail to state claims. As outlined below, the bulk of plaintiff's complaints are based upon allegations of verbal harassment and threats, which are insufficient to support a claim under § 1983, <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987) ("'[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" (alteration in original) (quoting <u>Collins v. Cundy</u>, 603 F.2d 825, 827 (10th Cir. 1979))); <u>Keenan v. Hall</u>, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that "verbal harassment generally does not violate the Eighth Amendment"); <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987) (a "mere naked threat" from prison guards does not violate the Eighth Amendment), and plaintiff has been advised on more than one prior occasion that allegations of verbal harassment and threats do not state a valid claim under § 1983, see, e.g. <u>Weaver v. Cal. Corr. Inst. First Watch</u>, No. 1:06-cv-0913-OWW-LJO-P, 2006 WL 3039572, 2006 U.S. Dist. LEXIS 80875 (E.D. Cal. Oct. 25, 2006); <u>Weaver v. Cal. Corr. Inst. First Watch</u>, No. 1:06-cv-0991-AWI-SMS-P, 2006 WL 3050845, 2006 U.S. Dist. LEXIS 81067 (E.D. Cal. Oct. 24, 2006);

---

JW; <u>Weaver v. California State Prison</u>, E.D. Cal. No. 2:04-cv-1253 MCE KJM P, C.D. Cal. No. 04-cv-8314 UA FMO; <u>Weaver v. Pelican Bay</u>, E.D. Cal. No. 2:04-cv-1319 LKK DAD P, N.D. Cal. No. 04-cv-2909 JW; <u>Weaver v. Pelican Bay</u>, E.D. Cal. No. 2:04-cv-1352 GEB JFM P, N.D. Cal. No. 04-cv-3077 JW; <u>Weaver v. Heaps</u>, E.D. Cal. No. 2:04-cv-1393, N.D. Cal. Nos. 04-cv-3540 JW, 05-cv-932 JW.

Weaver v. Cal. Corr. Inst. Confinement SHU, No. CVF 06-671 OWW SMS P, 2006 WL 2089928, 2006 U.S. Dist. LEXIS 54543 (E.D. Cal. July 17, 2006).

The majority of the complaints (forty-two in all) are against COs Williams, Theo,[11] and Kendall. Plaintiff has filed eleven complaints against Williams,[12] thirteen complaints against Theo,[13] thirteen complaints against Kendall,[14] four complaints against Williams and Theo,[15] and one complaint against Theo and Kendall.[16] Of the complaints against these three officers, thirty-two of them alleged that he was "harassed" generally or that he was harassed about his single-cell status specifically. The complaints offered little to no elaboration regarding the alleged harassment and are largely identical, though some further identified "name-calling" and "threats" as part of the harassment. The only other information he provided was contained in two cases where he claimed the threats were statements that he needed to "get the fuck out of here,"[17] three cases where he alleged that Williams used racial slurs and played "racial music" or "racial rap" on the intercom to harass him,[18] and two cases where he states Theo kicked on his cell door.[19] Of the remaining ten cases against these defendants, one alleges that Kendall moved another inmate

////

---

[11] Based upon the nature of the allegations, complaints filed against defendants Thao and Thoe have been counted as complaints against defendant Theo because they appear to be the same person.
[12] See E.D. Cal. Nos. 2:17-cv-0777 GEB CKD; 2:17-cv-0786 JAM CKD; 2:17-cv-0955 JAM AC; 2:17-cv-1003 JAM AC; 2:17-cv-1113 JAM AC; 2:17-cv-1296 JAM AC; 2:17-cv-1338 JAM AC; 2:17-cv-1509 JAM AC; 2:17-cv-1557 JAM AC; 2:17-cv-1777 JAM AC; 2:17-cv-1853 EFB.
[13] See E.D. Cal. Nos. 2:17-cv-0598 MCE CKD; 2:17-cv-0957 GEB CKD; 2:17-cv-1066 MCE EFB; 2:17-cv-1132 GEB CKD; 2:17-cv-1224 JAM AC; 2:17-cv-1408 JAM AC; 2:17-cv-1409 JAM AC; 2:17-cv-1410 JAM AC; 2:17-cv-1461 JAM AC; 2:17-cv-1555 JAM AC; 2:17-cv-1746 JAM AC; 2:17-cv-1747 JAM AC; 2:17-cv-1778 JAM AC.
[14] See E.D. Cal. Nos. 2:17-cv-0776 GEB DB; 2:17-cv-0956 MCE EFB; 2:17-cv-1067 MCE KJN; 2:17-cv-1082 JAM AC; 2:17-cv-1226 JAM AC; 2:17-cv-1297 JAM AC; 2:17-cv-1298 JAM AC; 2:17-cv-1336 JAM AC; 2:17-cv-1407 JAM AC; 2:17-cv-1462 JAM AC; 2:17-cv-1659 JAM AC; 2:17-cv-1727 JAM AC; 2:17-cv-1824 JAM AC.
[15] See E.D. Cal. Nos. 2:17-cv-1556 JAM AC; 2:17-cv-1832 JAM AC; 2:17-cv-1852 CKD; 2:17-cv-1854 CKD.
[16] See E.D. Cal. No. 2:17-cv-0813 JAM CKD.
[17] See E.D. Cal. Nos. 2:17-cv-1659 JAM AC; 2:17-cv-1747 JAM AC.
[18] See E.D. Cal. Nos. 2:17-cv-1338 JAM AC; 2:17-cv-1509 JAM AC; 2:17-cv-1557 JAM AC.
[19] See E.D. Cal. Nos. 2:17-cv-1408 JAM AC; 2:17-cv-1555 JAM AC.

into his cell despite his single-cell status;[20] two allege isolated instances where Kendall did not give him his lunch;[21] one alleges that Theo and Williams took his property because he refused a cellmate;[22] one alleges that Theo once gave him a food tray with missing food;[23] three allege that Theo told him there were not any indigent envelopes available or refused to give him indigent envelopes;[24] and two alleged single instances where Theo and Williams refused to let him shower.[25]

Plaintiff's remaining twenty-three complaints are largely against various officers, many of them John Does. Of these cases, one alleges that plaintiff was subject to an unspecified use of force and improperly placed in administrative segregation;[26] one claims that he was left unsupervised in the shower for thirty minutes, was given an RVR, and was improperly placed in administrative segregation while waiting for bed space;[27] seven allege general harassment or harassment over his single-cell status;[28] three claim that they are "annual renewals" of old complaints that he renews every year until he has the filing fee;[29] two challenge a criminal proceeding;[30] one alleges that his legal materials were not being released from property;[31] one alleges that he received a food tray with half the food missing;[32] one alleges that an officer

---

[20] See E.D. Cal. No. 2:17-cv-0956 MCE EFB.
[21] See E.D. Cal. Nos. 2:17-cv-1067 MCE KJN; 2:17-cv-1297 JAM AC.
[22] See E.D. Cal. No. 2:17-cv-1556 JAM AC.
[23] See E.D. Cal. No. 2:17-cv-1224 JAM AC.
[24] See E.D. Cal. Nos. 2:17-cv-0957 GEB CKD; 2:17-cv-1132 GEB CKD; 2:17-cv-1746 JAM AC.
[25] See E.D. Cal. Nos. 2:17-cv-1852 CKD; 2:17-cv-1854 CKD.
[26] See E.D. Cal. No. 2:17-cv-0153 GEB EFB.
[27] See E.D. Cal. No. 2:17-cv-0211 KJM EFB.
[28] See E.D. Cal. Nos. 2:17-cv-0268 JAM EFB; 2:17-cv-1038 JAM AC P; 2:17-cv-1107 MCE EFB; 2:17-cv-1223 JAM AC; 2:17-cv-1510 JAM AC; 2:17-cv-1825 JAM AC; 2:17-cv-1826 JAM AC.
[29] See E.D. Cal. Nos. 2:17-cv-0359 JAM AC (false arrest/imprisonment); 2:17-cv-0671 KJM KJN (false arrest/imprisonment); 2:17-cv-0757 GEB DB (improperly housed at Deuel Vocational Institution).
[30] See E.D. Cal. Nos. 2:17-cv-0500 JAM AC (attorney failed to question inmate witnesses or argue insufficient evidence in a motion); 2:17-cv-0724 JAM EFB (judge denied motion to overturn guilty verdict).
[31] See E.D. Cal. No. 2:17-cv-0547 GEB AC.
[32] See E.D. Cal. No. 2:17-cv-0787 JAM CKD.

refused to pick up his legal mail on one occasion;[33] two allege that the medication he was given was broken into pieces;[34] one alleges that officers stole his legal mail;[35] one alleges that it had been four days since the doctor prescribed a higher dosage of his medication and he still had not received it;[36] one appears to claim an officer touched him inappropriately during a search and asked him if he was gay;[37] and one alleges that the lieutenant continued to find him guilty of single-cell violations even though he had single-cell status.[38]

Of the sixty-five complaints Weaver has filed this year, twenty-one have been dismissed and were dismissed because Weaver failed to respond to orders directing him to file an application to proceed in forma pauperis or pay the filing fee.[39] In twenty of his currently active cases there are orders directing him to file an in forma pauperis application or pay the filing fee or findings and recommendations recommending dismissal for failure to comply with such orders.[40] He has not responded to any of those orders or objected to any of the findings and recommendations.

Weaver has received numerous orders advising him of his status as a three-strikes litigant under 28 U.S.C. 1915(g) and the requirement that he either pay the filing fee up front or demonstrate that he is in imminent danger of serious physical injury. See, e.g. Weaver v.

---

[33] See E.D. Cal. No. 2:17-cv-1000 JAM AC.
[34] See E.D. Cal. Nos. 2:17-cv-1225 JAM AC; 2:17-cv-1460 JAM AC.
[35] See E.D. Cal. Nos. 2:17-cv-1403 JAM AC.
[36] See E.D. Cal. No. 2:17-cv-1709 JAM AC.
[37] See E.D. Cal. No. 2:17-cv-1710 JAM AC.
[38] See E.D. Cal. No. 2:17-cv-1337 JAM AC.
[39] See E.D. Cal. Nos. 2:17-cv-0153 GEB EFB; 2:17-cv-0211 KJM EFB; 2:17-cv-0268 JAM EFB; 2:17-cv-0500 JAM AC; 2:17-cv-0547 GEB AC; 2:17-cv-0598 MCE CKD; 2:17-cv-0671 KJM KJN; 2:17-cv-0724 JAM EFB; 2:17-cv-0757 GEB EFB; 2:17-cv-0776 GEB DB; 2:17-cv-0777 GEB CKD; 2:17-cv-0786 JAM CKD; 2:17-cv-0787 JAM CKD; 2:17-cv-0813 JAM CKD; 2:17-cv-0956 MCE EFB; 2:17-cv-0957 GEB CKD; 2:17-cv-1066 MCE EFB; 2:17-cv-1067 MCE KJN; 2:17-cv-1107 MCE EFB; 2:17-cv-1132 GEB CKD; 2:17-cv-1338 JAM AC.
[40] See E.D. Cal. Nos. 2:17-cv-0359 JAM AC; 2:17-cv-1000 JAM AC; 2:17-cv-1003 JAM AC; 2:17-cv-1113 JAM AC; 2:17-cv-1224 JAM AC; 2:17-cv-1225 JAM AC; 2:17-cv-1296 JAM AC; 2:17-cv-1297 JAM AC; 2:17-cv-1298 JAM AC; 2:17-cv-1336 JAM AC; 2:17-cv-1337 JAM AC; 2:17-cv-1403 JAM AC; 2:17-cv-1410 JAM AC; 2:17-cv-1460 JAM AC; 2:17-cv-1509 JAM AC; 2:17-cv-1510 JAM AC; 2:17-cv-1556 JAM AC; 2:17-cv-1557 JAM AC; 2:17-cv-1659 JAM AC; 2:17-cv-1825 JAM AC.

Mailroom Staff, No. 1:06-cv-01439-AWI-LJO-P, 2006 WL 3028411, 2006 U.S. Dist. LEXIS 80830 (E.D. Cal. Oct. 24, 2006); Weaver v. CCI First Watch, No. CV F 06 1079 AWI WMW P, 2007 WL 512512, 2007 U.S. Dist. LEXIS 14444 (E.D. Cal. Feb. 15, 2007). His filings this year further demonstrate that he is aware of this limitation on his ability to file complaints as he did not file a single application to proceed in forma pauperis and in every complaint he made the same conclusory statement: "Plaintiff faces a substantial risk of serious harm and injury here which is imminent at the time of filing. The defendant show deliberate indifference, under the color of state law." None of the complaints elaborates on the risk of harm and, to date, Weaver has completely ignored every order issued directing him to either file an application to proceed in forma pauperis or pay the filing fee.

Weaver's litigation history shows that he is equally aware of the requirement that he exhaust his administrative remedies prior to filing a complaint, as he previously had forty-six complaints dismissed on that ground. See, e.g. Weaver v. C.O. Wagner, No. 1:06-cv-0486-OWW-DLB-P, 2007 WL 614020, 2007 U.S. Dist. LEXIS 16223 (E.D. Cal. Feb. 27, 2007); Weaver v. Cal. Corr. Inst. First Watch, No. 1:06-cv-0814-OWW-DLB-P, 2007 WL 587025, 2007 U.S. Dist. LEXIS 16946 (E.D. Cal. Feb. 26, 2007). In fifty-eight of the complaints filed this year, Weaver explicitly stated that he had not exhausted the grievance process and fifty-seven of those complaints stated that his grievance was still being processed, meaning that the process was not unavailable.[41] In six complaints he stated that he had completed the grievance process, but

---

[41] See E.D. Cal. Nos. 2:17-cv-0211 KJM EFB; 2:17-cv-0268 JAM EFB; 2:17-cv-0547 GEB AC; 2:17-cv-0598 MCE CKD; 2:17-cv-0671 KJM KJN; 2:17-cv-0776 GEB DB; 2:17-cv-0777 GEB CKD; 2:17-cv-0786 AM CKD; 2:17-cv-0787 JAM CKD; 2:17-cv-0813 JAM CKD; 2:17-cv-0955 JAM AC; 2:17-cv-0956 MCE EFB; 2:17-cv-0957 GEB CKD; 2:17-cv-1000 JAM AC; 2:17-cv-1003 JAM AC; 2:17-cv-1038 JAM AC; 2:17-cv-1066 MCE EFB; 2:17-cv-1067 MCE KJN; 2:17-cv-1082 JAM AC; 2:17-cv-1107 MCE EFB; 2:17-cv-1113 JAM AC; 2:17-cv-1132 GEB CKD; 2:17-cv-1223 JAM AC; 2:17-cv-1224 JAM AC; 2:17-cv-1225 JAM AC; 2:17-cv-1226 JAM AC; 2:17-cv-1296 JAM AC; 2:17-cv-1297 JAM AC; 2:17-cv-1298 JAM AC; 2:17-cv-1336 JAM AC; 2:17-cv-1338 JAM AC; 2:17-cv-1403 JAM AC; 2:17-cv-1407 JAM AC; 2:17-cv-1408 JAM AC; 2:17-cv-1409 JAM AC; 2:17-cv-1410 JAM AC; 2:17-cv-1460 JAM AC; 2:17-cv-1461 JAM AC; 2:17-cv-1462 JAM AC; 2:17-cv-1509 JAM AC; 2:17-cv-1510 JAM AC; 2:17-cv-1555 JAM AC; 2:17-cv-1556 JAM AC; 2:17-cv-1557 JAM AC; 2:17-cv-1659 JAM AC; 2:17-cv-1709 JAM AC; 2:17-cv-1710 JAM AC; 2:17-cv-1727 JAM AC; 2:17-cv-1746 JAM AC; 2:17-cv-1747 JAM AC; (continued)

confusingly noted in two of those cases that his grievance was still being processed.[42] In one complaint, plaintiff states that his grievance is still being processed without checking yes or no for whether he has exhausted the process.[43]

Weaver has been informed by the court on multiple occasions that the types of claims he is attempting to bring are not valid, and that he is required to exhaust available administrative remedies prior to bringing a complaint. He has also been notified on numerous occasions that he is required to pay the filing fee in full when he files a compliant unless he can show he is in imminent danger of serious physical injury. His filing of numerous complaints that fail to state a claim, are unexhausted, are unaccompanied by the required filing fee, and do not demonstrate a risk of physical injury, coupled with his complete failure to respond to even the most basic of court orders, establish a broad pattern of harassing litigation and abuse of the judicial process. The court cannot reasonably find that Weaver has "an objective good faith expectation of prevailing," and though his pro se status weighs in his favor, it cannot justify the excessive and unnecessary burden he has placed upon this court and its personnel. See Molski, 500 F.3d at 1052 (quoting Safir, 792 F.2d at 24). Accordingly, the court finds that Weaver's previous filings weigh heavily in favor of limiting his ability to continue engaging in frivolous litigation and unduly burdening this court.

E. Narrowly Tailored Vexatious Litigant Order

"[A pre-filing] injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990). Weaver has developed a pattern of filing meritless lawsuits against a variety of defendants for a variety of reasons. Furthermore, given his complete disregard of the restrictions placed upon him by 28 U.S.C. § 1915(g), monetary sanctions are unlikely to constitute an adequate deterrent to his continued filing of frivolous complaints. See

---

2:17-cv-1778 JAM AC; 2:17-cv-1824 JAM AC; 2:17-cv-1825 JAM AC; 2:17-cv-1826 JAM AC; 2:17-cv-1832 JAM AC; 2:17-cv-1852 CKD; 2:17-cv-1853 EFB; 2:17-cv-1854 CKD.

[42] See E.D. Cal. Nos. 2:17-cv-0153 GEB EFB; 2:17-cv-0359 JAM AC; 2:17-cv-0500 JAM AC; 2:17-cv-0724 JAM EFB; 2:17-cv-0757 GEB EFB; 2:17-cv-1777 JAM AC.

[43] See E.D. Cal Nos. 2:17-cv-1337 JAM AC.

Molski, 500 F.3d at 1052 (court should consider "'whether other sanctions would be adequate to protect the courts and other parties'" (quoting Safir, 792 F.2d at 24)). This court's previous pre-filing order, which prohibited him from filing civil complaints related to specific claims, has done little to curb his frivolous filings and plaintiff has instead simply pursued different, equally meritless claims against other defendants. It is therefore appropriate to issue an order preventing Weaver from filing any new civil action against a government employee, government official, or governmental entity without leave of the court.

If Weaver is found to be a vexatious litigant, this court will recommend that a pre-filing order be entered requiring that he obtain leave of the court before filing any new civil action against a government employee, government official, or governmental entity unless the complaint is accompanied by the required filing and administrative fees. If a complaint is not accompanied by the required fees, it will not be accepted for filing unless Weaver makes the required evidentiary showing, with documentation, that he is in imminent danger of serious physical injury. Furthermore, for any complaint in which Weaver states that his administrative remedies are not exhausted the complaint will not be filed unless he provides a sworn statement explaining why he did not exhaust his administrative remedies prior to filing the complaint and showing that administrative remedies were unavailable.

### III. Conclusion

In accordance with the foregoing, plaintiff Willie Weaver is ordered to show cause why he should not be deemed a vexatious litigant and why a pre-filing order should not be entered against him.

### IV. Plain Language Summary of this Order for a Pro Se Litigant

Because you keep filing complaints without paying the required fees, and those complaints are regularly unexhausted and do not state a claim or show you are in danger of physical injury, you must explain to the court why you are not a vexatious litigant and why your ability to file more complaints should not be limited.

////

////

Accordingly, IT IS HEREBY ORDERED that within thirty days of service of this order, plaintiff Willie Weaver shall show cause why the court should not deem him a vexatious litigant and enter a pre-filing order against him as set forth in this order.

DATED: September 14, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE